```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-13-2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA,                :        97-CR-197(LAP)

    -v.-                                 :        **ORDER**

JOSE MOYHERNANDEZ,                       :

                    Defendant.    :

-----------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

    Defendant Jose Moyhernandez's has moved for a reduced sentence under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). As explained below, his motion is DENIED.

## I. BACKGROUND FACTS

    On February 16, 2000, Defendant was convicted of conspiracy to distribute over fifty grams of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A) (Count 1), and possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 2). On July 13, 2000, the Court sentenced him to 360 months' imprisonment and 10 years' supervised release.

    On August 13, 2019, Defendant filed his motion seeking relief under the First Step Act. (Dkt. no. 88.) The Government filed its opposition on August 27, 2019. (Dkt. no. 90.) Defendant filed a reply on September 3, 2019. (Dkt. no. 91.)

## II. LAW AND ANALYSIS

### A. Standard of Review

Generally, federal courts may not modify an individual's term of imprisonment. 18 U.S.C. § 3582(c). An exception to this general rule is contained in 18 U.S.C. § 3582(c)(1)(B). Under this section, a court may "modify an imposed term of imprisonment to the extent otherwise permitted by statute . . . ." Id. at § 3582(c)(1)(B). The First Step Act is one such statute that permits the modification of an individual's term of imprisonment.

Under the First Step Act, "[a] court that imposed a sentence for a 'covered offense' may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b) (internal citations omitted). A "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Id. § 404(a) (internal citations omitted).

There are a few limitations on a court's power to reduce a sentence under the First Step Act. Specifically, a court cannot reduce a sentence (1) if the court previously reduced defendant's sentence under the Fair Sentencing Act; or (2) if a defendant previously moved under the First Step Act and a court denied the defendant's motion on the merits. Id. at § 404(c). Whether to

2

reduce a sentence under the First Step Act is within the court's discretion. Id. ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section").

**B. Applicability of First Step Act**

The First Step Act applies to Defendant. Defendant committed a "covered offense" in that he was convicted of a violation of 21 U.S.C. § 841. Section 2 of the Fair Sentencing Act increased the drug quantities needed to trigger mandatory minimums for crack cocaine offenses. Further, Defendant committed the offense before August 3, 2010. Finally, the Court has not previously reduced Defendant's sentence under the Fair Sentencing Act or denied a prior First Step Act motion as to Defendant. He is therefore eligible for a reduced sentence under the First Step Act.

**C. Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(B)**

Section 3582(c)(1)(B) allows a court to modify an imposed term of imprisonment to the extent expressly permitted by statute. 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly permits a court to modify an imposed sentence. First Step Act § 404(b). That express permission authorizes the Court to apply amended statutory penalties as if they "were in effect at the time the covered offense was committed." Id. Furthermore, there is no mandate to consider § 3553(a) factors when reducing a sentence under § 3582(c)(1)(B). See generally 18 U.S.C. § 3582(c).

Although Defendant is eligible for resentencing, the Court declines to reduce his sentence. When Defendant was sentenced, he had a lengthy criminal record. His criminal record earned him the designation as a career offender under United States Sentencing Guidelines § 4B1.1. This remains the case even when the current statutory scheme is applied retroactively because the First Step Act did not change the applicability of the career-offender designation. See United States v. Lawson, No. 03 Cr. 398, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019).

Due to Defendant's prior convictions, the current statutory penalty for Count 1 is 10 years to life. 21 U.S.C. § 841(b)(1)(B)(iii). While Defendant's base offense level would be lowered under the current statutory framework, his career-offender designation still increases his total offense level to 37. This is the same offense level determined at his original sentencing. The Guideline range for this offense level is 360 months to life. The Court sentenced Defendant to the minimum of this range in 2000 and will not adjust that sentence now.

Finally, the Court will not reduce Defendant's term of supervised release. On Count 1, the Court imposed a term of 10 years' supervised release. (See Judgment dated July 17, 2000 [dkt. no. 58]). Further, the Defendant is to be deported upon release from custody. (See id.) The Court will not reduce Defendant's term of supervised release.

**III. CONCLUSION**

For the foregoing reasons, Defendants' motion under § 404 of the First Step Act is DENIED.

SO ORDERED.

Dated:  New York, New York
        February 13, 2020

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge