```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            -against-<br><br>JOSE MOYHERNANDEZ,<br><br>                    Defendant. | 97 CR 197 (LAP)<br><br>OPINION AND ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Upon remand, the Court has been directed to consider how the factors set forth in 18 U.S.C. § 3553(a) bear on whether the Court should exercise its discretion to reduce Mr. Moyhernandez's sentence.  For the reasons set forth below, the Court determines that those factors counsel against a reduction in sentence.

    A.    **Offense Conduct**

    Over the course of several months in 1996, Moyhernandez sold a firearm, ammunition, and nearly 90 grams of crack cocaine to law enforcement officials.  On a wiretapped conversation and in a post-arrest statement, he admitted to being part of a crew that was dealing as much as 30 kilograms of cocaine each week.

    On May 21, 1996, Moyhernandez sold a loaded .45 Thompson semi-automatic pistol and 10 rounds of ammunition to a confidential informant in exchange for $800. Presentence Investigation Report, dated May 22, 2000 ("PSR") ¶ 8-9.  Law

1

enforcement officers later learned that the firearm had been reported stolen less than two months before the sale. Id. ¶ 12. On August 1, 1996, the Defendant sold 28 grams of crack cocaine to the same confidential informant in exchange for $560. Id. ¶ 10.  On September 30, 1996, the Defendant sold 62 grams of crack cocaine to the confidential informant in exchange for $1,180.  Id. ¶ 11.

The Defendant was arrested on or about October 10, 1996, and released on bail the same day.  Id. ¶ 13.  After being released on bail, the Defendant fled to Massachusetts.  Id. More than a year-and-a-half later, on May 26, 1998, the Defendant was once again arrested.  Id.

On the day he was arrested, Moyhernandez consented to being interviewed by law enforcement officers and admitted that he was a member of a drug organization that sold multikilogram quantities of cocaine on a daily basis.  Id. ¶ 14. The Defendant acknowledged on an intercepted wire communication, which was subsequently introduced at trial, that he and others were "moving" as much as 30 kilograms of cocaine per week. Id.

**B.   Indictment**

On or about March 11, 1997, a grand jury returned Indictment 97 Cr. 197 against Moyhernandez. Count One charged that, from on or about August 1, 1996, through on or about October 10, 1996, the Defendant conspired to distribute and

2

possess with intent to distribute fifty grams and more of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Count Two charged that, on or about May 21, 1996, having been convicted of a felony, Moyhernandez possessed a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On February 14, 2000, the Government filed a prior felony information charging that, on or about November 22, 1988, Moyhernandez had been convicted of attempted criminal sale of a controlled substance in the third degree, in violation of New York Penal Law §§ 110 and 220.39.

On February 16, 2000, after trial, a jury found Moyhernandez guilty on both counts in the indictment.

C.  **Sentencing**

Due to his narcotics conviction and the prior felony information filed by the Government, Moyhernandez faced a mandatory twenty-year sentence on Count One. The Government argued prior to sentencing that Moyhernandez's Guidelines sentence was 360 months to life imprisonment: (1) based on his intercepted communications and post-arrest admission, Moyhernandez was responsible for a sufficiently large quantity of cocaine that his offense level was 40, and (2) based on the career offender guideline, his offense level was at least 37. On July 13, 2000, relying on the career offender guideline and pre-Booker case law on the application of the Guidelines, the

3

Honorable Michael B. Mukasey sentenced Moyhernandez to 360 months imprisonment.  (See dkt. no. 58.)

    **D.**    **Post-Conviction Litigation**

On November 1, 2011, Moyhernandez moved for a sentence reduction under 18 U.S.C. § 3582(c)(2).  (See dkt. no. 81.)  On June 14, 2012, the Court denied Moyhernandez's motion.  (See dkt. no. 84.)

On February 4, 2019, the Probation Office filed the Supplemental PSR, in which it stated its view that Moyhernandez was eligible for a sentencing reduction under the First Step Act. On August 13, 2019, Moyhernandez moved for a sentence reduction pursuant to the First Step Act, arguing that his § 841(b)(1)(A) conviction is a covered offense. (See dkt. no. 88 at 3.)  The Government subsequently agreed that this count was a covered offense but argued that the Court should exercise its discretion not to reduce Moyhernandez's sentence.  (See dkt. no. 90 at 4.)

On February 13, 2020, the Court entered an order denying Moyhernandez's motion.  (See dkt. no. 92.)  The Court agreed with Moyhernandez that Count One was a covered offense and that he was therefore eligible for resentencing but declined in its discretion to reduce Moyhernandez's terms of imprisonment and supervised release.  (Id. at 3-5.)  While the Court noted that "there is no mandate to consider § 3553(a) factors when reducing

a sentence under § 3582(c)(1)(B)," it cited Moyhernandez's lengthy criminal history, which led to his designation as a career offender, as a reason for denying his motion. (Id.)

On appeal, the Defendant argued that the Court committed procedural error in not considering the § 3553(a) factors. On July 15, 2021, the Court of Appeals ruled that the Court was not required to consider the § 3553(a) factors, so there was no error. United States v. Moyhernandez ("Moyhernandez I"), 5 F.4th 195, 198 (2d Cir. 2021). Moyhernandez subsequently filed a petition for writ of certiorari, and, on June 30, 2022, the Supreme Court granted the petition, vacated the judgment, and remanded the case for further consideration in light of Concepcion v. United States, 142 S.Ct. 2389 (2022). Moyhernandez v. United States, 597 U.S. 481 (2022). On July 19, 2022, the Court of Appeals remanded the case for this Court to consider whether "'18 U.S.C. § 3553(a) . . . militated in favor of a sentence reduction[.]'" United States v. Moyhernandez ("Moyhernandez II"), No. 20-625, 2022 WL 2896973 (2d Cir. July 19, 2022) (quoting Moyhernandez I, 5 F.4th at 200)).

On August 17, 2022, the parties jointly proposed to submit supplemental briefing on whether the § 3553(a) factors called for the Court to reduce the defendant's sentence. (See dkt. no. 100.)  Those briefs are found at dkt. nos. 105 and 106, and counsel's subsequent letters at dkt. nos. 107 and 108.

The Defendant is currently serving his term of imprisonment imposed in this case. Bureau of Prisons records show that he is due to be released on May 8, 2025.

**E.   The § 3553(a) Factors**

The Defendant's crime was incredibly serious, he flaunted the Court's directives by fleeing from prosecution, and his criminal history shows a pattern of serious criminal activity. Indeed, Moyhernandez was sentenced as a career offender, and, not only was the sentence originally imposed within the applicable Guidelines range, it is within the applicable Guidelines range even when it is recalculated today. Viewed individually and as a whole, the § 3553(a) factors weigh in favor of the Court's exercising its discretion to decline to reduce the Defendant's sentence.

   1.   **Nature And Circumstances Of The Offense, Seriousness Of The Offense, And Just Punishment (18 U.S.C. § 3553(a)(1)-(2)(A))**

The Defendant's narcotics and firearms offenses were undoubtedly serious. Moyhernandez trafficked as much as 30 kilograms of cocaine each week, and he personally sold narcotics to a confidential informant while being accompanied by people working on his behalf. PSR ¶¶ 8-11. Likewise, he sold a firearm to a confidential informant, and law enforcement officers later learned that the firearm had been reported stolen two months earlier. Id. ¶¶ 8-9, 12. On top of Moyhernandez's narcotics

6

crimes, he committed a brazen violation of the Court's trust when he tried to flee to avoid prosecution. Moyhernandez was arrested on or about October 10, 1996, and released on bail the same day. Id. ¶ 13. After being released on bail, Moyhernandez fled to Massachusetts. Id. More than a year-and-a-half later, on May 26, 1998, Moyhernandez was finally apprehended. Id.

Thus, the nature and seriousness of his crimes and the need for just punishment weigh against a sentence reduction for Mr. Moyhernandez.

        2.    Need For The Sentence Imposed To Promote Respect For The Law (18 U.S.C. § 3553(a)(2)(A))

Moyhernandez's conviction in this case was his sixth serious criminal conviction. PSR ¶¶ 45-56. He was previously convicted for attempted criminal sale of a controlled substance in the third degree; trafficking in cocaine; escape; possession of cocaine with intent to distribute; and unlawful distribution of a controlled substance. Id. In addition to these convictions, he was also arrested for fraudulent use of a credit card and assault and battery. Id. ¶¶ 60-65.

The Defendant's criminal history, coupled with his ongoing history of in-custody disciplinary infractions, discussed below, shows that he does not respect the law. This § 3553(a) factor weighs against a sentence reduction.

      3.    <u>Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct (General Deterrence) (18 U.S.C. § 3553(a)(2)(B))</u>

There is a need for a substantial term of imprisonment within the applicable Guidelines range to deter others who may seek to engage in narcotics and firearms trafficking.  Far from a victimless crime, narcotics traffickers cause significant harm to vulnerable members of the community for no reason other than greed and personal profit.  In New York and throughout the country, crack cocaine trafficking has resulted in shattered families, life-long addiction, and countless, needless fatalities.

Likewise, a significant sentence is also necessary to afford adequate deterrence to others in the community who may seek to traffic firearms, including stolen firearms.  There can be no stronger need for general deterrence than to send the message that gun trafficking in New York City will not be tolerated.  Recently, in 2020, New York City saw its highest number of shootings in fourteen years.  <u>See</u> Reuven Blau, <u>Why Are Shootings Up In New York City?  We Asked Four People On The Front Lines</u>, THE CITY (Dec. 21, 2020, 7:35 PM), https://www.thecity.nyc/2020/12/21/22189682/why-are-shootings-up-in-new-york-city-in2020-nypd.  Even mere possession of a gun "greatly increases one's ability to inflict harm on others and therefore involves some risk of violence. . . . Without

8

possession of guns such persons are far less capable of committing acts of violence." United States v. Dillard, 214 F.3d 88, 93 (2d Cir. 2000); see, e.g., United States v. Levy, No. 16 Cr. 270, 2017 WL 4381398, at *5 (E.D.N.Y. Aug. 9, 2017) ("[A] substantial sentence in a case involving guns—regardless of the motive of the possessor of the weapon—is the primary means by which the court can communicate to the public that firearms are inimical to the safety of persons living in a densely-populated urban community, and that illegal possession will be severely punished.").

For both narcotics and firearms trafficking, there is an acute need for a strong message of general deterrence, which remains as relevant today as it was when the Defendant was initially sentenced.  This § 3553(a) factor weighs heavily against a sentence reduction.

       4.   Need For The Sentence Imposed To Protect The Public From Further Crimes Of The Defendant (Specific Deterrence) (18 U.S.C. § 3553(a)(2)(C))

As set forth above, the instant count of conviction is Moyhernandez's sixth serious criminal conviction.  PSR ¶¶ 45-56.  But the Defendant's poor disciplinary record while in BOP custody shows that even six criminal convictions have not been sufficient to dissuade him from further wrongful conduct. The BOP report shows that Moyhernandez has a significant

disciplinary history, including the following substantiated incidents:

| Date of Incident | Charge |
|---|---|
| July 31, 2018 | Refusing work/program assignment; Refusing to obey an order |
| June 1, 2017 | Fighting with another person; Refusing to obey an order |
| March 22, 2017 | Assaulting without serious injury |
| September 15, 2010 | Possessing a dangerous weapon |
| October 3, 2009 | Destroying property over $10; Possessing intoxicants |
| June 18, 2008 | Being in an unauthorized area |
| February 4, 2005 | Fighting with another person |
| January 31, 2003 | Refusing to obey an order |
| May 20, 2002 | Being absent from assignment |
| September 14, 1999 | Being insolent to a staff member |

This § 3553(a) factor weighs against a sentence reduction.

    5.    <u>Need For The Sentence Imposed To Provide The Defendant With Training, Medical Care, Or Other Treatment (18 U.S.C. § 3553(a)(2)(D))</u>

To the extent the Defendant requires any training, medical care, or other treatment—he has thus far identified none, (<u>see</u> dkt. nos. 85, 91)—the BOP is equipped to provide those services. This § 3553(a) factor does not support a sentence reduction.

10

6.  <u>Other Kinds of Sentences Available (18 U.S.C. § 3553(a)(3))</u>

For the reasons set forth above, there is a need to send a strong message of general deterrence and to deter the Defendant himself from committing new crimes. Those needs, as well as the needs addressed in other § 3553(a) factors, would not be adequately addressed by a nonincarceratory sentence or lengthier term of post-release supervision. Accordingly, this § 3553(a) factor weighs against a sentence reduction.

7.  <u>The Sentencing Guidelines (18 U.S.C. § 3553(a)(4))</u>

Moyhernandez was sentenced under the career offender guideline, and his Guidelines range remains unchanged. When he was originally sentenced under the career offender guideline, U.S.S.G. § 4B1.1, his sentence was 360 months to life imprisonment. Today he faces the same Guidelines sentence. <u>See</u> U.S.S.G. § 4B1.1(b)(1).[1] The career offender guidelines were meant to capture cases like Moyhernandez's, in which the defendant had significant drug convictions prior to committing

---

[1] The Government argued at Moyhernandez's original sentencing that an even higher offense level was appropriate based on the significant quantity of cocaine that Moyhernandez admitted to trafficking. In both the original PSR and the Supplemental PSR, the Probation Officer used this cocaine quantity to calculate a Guidelines range of 360 months to life imprisonment. <u>See</u> PSR ¶ 22; Supplemental PSR at 2. However, the Court here refers only to the career offender guideline, which was relied upon by Judge Mukasey and also results in a Guidelines range of 360 months to life imprisonment.

11

the instant offense. PSR ¶¶ 45-49, 53-56. In addition, the Defendant fled from custody after being released on bail, (see id. at ¶¶ 17-18), and, earlier, even escaped from a correctional facility, (id. ¶¶ 50-52).  The facts of the instant offense, which included Moyhernandez's sale of a recently stolen firearm and his pre- and post-arrest admissions to large-scale cocaine distribution, make the career offender guideline appropriate and warranted in this case. This § 3553(a) factor weighs against a sentence reduction.

8. Avoiding Unwarranted Sentencing Disparities (18 U.S.C. §3553(a)(6))

Given that the sentence imposed by Judge Mukasey was within the Guidelines range both at the time of sentencing and now, it cannot be said that the sentence imposed created an unwarranted sentencing disparity. Particularly because Mr. Moyhernandez's recalculated Guidelines range yields the same sentence, keeping the Defendant's sentence unchanged does not create any disparity. This § 3553(a) factor does not support a sentence reduction.

As the Court recognized in its prior Order, resentencing is not mandatory under the First Step Act.  (See dkt. no. 92 at 2-3.)  Rather, whether a resentencing and a reduction in sentence are warranted is entirely within the discretion of the Court. See First Step Act § 404(c) ("Nothing in this section shall be

12

construed to require a court to reduce any sentence pursuant to this section.").

**Conclusion**

For the reasons set forth above, the Court finds that the § 3553(a) factors counsel against a reduction in sentence. Accordingly, Mr. Moyhernandez's motion, (dkt no. 88), is denied.

**SO ORDERED.**

Dated:   New York, New York
         December 4, 2023

_____
LORETTA A. PRESKA
Senior United States District Judge